[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Gordon Bryant was convicted of rape in 1977. He was sentenced to seven to twenty-five years of imprisonment. After his release from prison, Bryant was found guilty by a jury in 1985 for a series of attacks on women that occurred in late 1984. In a period of approximately two months, Bryant first had stolen a woman's briefcase in a brutal assault in which the woman had suffered a broken facial bone. Second, Bryant had attacked a fifteen-year-old girl, striking her in the face and breaking her nose, cutting her with a knife, and forcing her to perform oral sex on him. Finally, just five days later, Bryant had attempted to rape yet another woman, whom he threatened to cut if she did not follow his instructions, but this final victim managed to escape.
Still in prison for this series of attacks, Bryant was sent to Hamilton County for a sexual-predator hearing. The trial court determined that Bryant was indeed a sexual predator. Bryant now objects to this classification, claiming that insufficient evidence was presented to support the finding that he is likely to commit another sexually-oriented offense. He also complains that the trial court's designation was against the manifest weight of the evidence. We overrule both assignments of error and affirm the judgment of the trial court.
A sexual predator is a person who (1) has been found guilty of a sexually-oriented offense and (2) is "likely to engage in the future in one or more sexually-oriented offenses."[1] Since rape and attempted rape are defined as sexually-oriented offenses,[2] the first condition for Bryant's adjudication as a sexual predator was met. Bryant, however, claims that there was insufficient evidence to support the trial court's finding that he is likely to engage in the future in one or more sexually-oriented offenses. But the record contains ample evidence of the likelihood of Bryant's recidivism.
Bryant must have been proved a sexual predator by clear and convincing evidence.[3] Clear and convincing evidence is more than a preponderance of the evidence, but less than the certainty required to convict a criminal defendant beyond a reasonable doubt.[4] Clear and convincing evidence produces in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established."[5]
To assist the trial court in deciding whether a sexually-oriented offender is likely to re-offend, the legislature has provided a non-exclusive list of factors to be considered.[6] The trial court correctly considered the young age of one of the victims[7] and the extreme cruelty Bryant displayed and threatened on more than one occasion.[8] Evidence was also presented concerning Bryant's prior 1977 conviction for rape.[9] There were multiple victims,[10] and the separate incidents were sufficiently similar to constitute a pattern of conduct.[11] By contrast, Bryant presented no evidence that he had progressed beyond the planning stage for participation in available programs for sexual offenders.[12] On this record, there was a sufficient basis for the trier of fact to have concluded, by clear and convincing evidence, that it was likely that Bryant would engage in the future in one or more sexually-oriented offenses. Bryant's first assignment of error is overruled.
Next, Bryant complains that his adjudication as a sexual predator was against the manifest weight of the evidence. Because the sexual-predator statute has been determined to be remedial rather than punitive, a sexual predator hearing is a civil action rather than a criminal proceeding.[13]
Under the civil standard pertaining to a claim that a decision was against the manifest weight of the evidence, the court's judgment will not be reversed as long as it is supported by some competent, credible evidence going to all the essential elements of the case.[14] As noted above, there was ample competent, credible evidence to support the court's decision. Moreover, there were really no conflicts in the evidence in this case. Although Bryant's attorney stated that Bryant had completed an anger-management class while in prison, this evidence did not outweigh the competent, credible evidence presented by the state, especially when the class was the only class in which Bryant was able to participate after fifteen years of imprisonment. Bryant's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2950.01(E).
[2] See R.C. 2950.01(D).
[3] See R.C. 2950.09(C)(2)(b).
[4] See Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[5] Id.
[6] See R.C. 2950.09(B)(2).
[7] R.C. 2950.09(B)(2)(c).
[8] R.C. 2950.09 (B)(2)(i).
[9] R.C. 2950.09(B)(2)(b).
[10] R.C. 2950.09(B)(2)(d).
[11] R.C. 2950.09(B)(2)(h).
[12] R.C. 2950.09(B)(2)(f).
[13] See State v. Cook (1998), 83 Ohio St.3d 404, 417, 700 N.E.2d 570,581.
[14] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.